JUDGE McMAHON

# 12 CIV 4970

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

MARCY ZEVON,                                  )
individually and on behalf of                 )
all others similarly situated,                )
                                              )
                      Plaintiff,              )
                                              )
- against -                                   )
                                              )
DEPARTMENT STORES                             )
NATIONAL BANK,                                )
                                              )
                      Defendant.              )
---------------------------------------------------x

No.

CLASS ACTION

JURY DEMANDED

## COMPLAINT

1.    This action seeks redress for the illegal practices of Defendant
Department Stores National Bank (the "Bank"), for providing to customers of its
Macy's American Express credit card accounts ("Macy's Amex") disclosure
statements that violated the Truth in Lending Act ("TILA").

2.    As alleged in greater detail below, the Bank failed to furnish accurate
disclosures in the manner mandated by TILA provisions and by the corresponding
federal regulations governing periodic billing statements furnished in connection
with credit card accounts. More specifically, the Bank failed to furnish disclosures
regarding the cost and length of minimum monthly payments in compliance with
guidelines provided by federal regulations. TILA generally requires the credit issuer
to furnish a customer estimates of how long and how many dollars it would take for

1

her to pay off her outstanding balance under the terms of the account if she were to make only the required minimum payment each month, assuming no additional extensions of credit. Further, the Bank also failed, *inter alia*, to furnish periodic statement disclosures of accurate estimates regarding the cost of paying off the balance over three years, assuming no additional extensions of credit.

3.      TILA's purpose is to assure meaningful disclosure of credit terms in order to (i) allow consumers to compare more readily the various credit terms available; (ii) enable consumers to avoid the uninformed use of credit; and (iii) protect consumers against inaccurate and unfair billing practices. 15 U.S.C. § 1601(a). The Bank's conduct violates the express provisions of the TILA and the applicable Regulations.

4.      Under the private enforcement provisions of TILA, plaintiff and the proposed class seek the recovery of statutory damages of up to $1,000,000 with respect to each of the Bank's failures to comply.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under TILA, 15 U.S.C. § 1601 *et seq.*

6.      Venue is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because the Bank transacts business in this district and the interests of justice require maintenance of this action in this district.

*Parties*

7.    Plaintiff Marcy Zevon resides in New York, New York, which is within this district.

8.    Zevon is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Bank's offer and extension of credit to Zevon, a credit card holder, for personal, family or household purposes.

9.    Upon information and belief, the Bank is a corporation doing business in the State of South Dakota and throughout the United States, with a principal place of business in Sioux Falls, South Dakota.

10.    The Bank is a "creditor," as that term is defined by § 1602(f) of TILA and Regulation Z ("Regulation Z"), 12 C.F.R. § 226.2(a)(17) and 12 C.F.R. §1026.2(a)(17), because at all relevant times, the Bank, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than four installments.

*Factual Allegations*

11.    Zevon is the holder of a Macy's-branded American Express card account issued by the Bank generally intended for the purchase of goods or services at all locations, other than Macy's retail locations and Macy's website, that honor American Express cards.

12.    The Bank issued Zevon a periodic billing statement on or about June 23, 2011, the relevant portion of which is attached as Exhibit A.

3

13.    All class members herein, as defined below, were furnished a Macy's Amex billing statement substantially similar to the one attached as Exhibit A.

*Class Allegations*

14.    Zevon brings this action individually and on behalf of all persons similarly situated.

15.    The proposed class (the "Class") consists of all persons who, according to the Bank's records, (i) had an outstanding balance on a Macy's Amex account and (ii) were furnished, after June 22, 2011, a periodic billing statement with a minimum payment repayment estimate and a three-year repayment estimate using the same formula as that employed in producing those estimates as disclosed in Exhibit A and disclosing time and/or dollar estimates that were inaccurate and did not conform to the requirements of Regulation Z and TILA.

16.    Specifically excluded from this class are the Bank, any entity in which the Bank has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

17.    The members of the class for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable. In light of the tens of thousands of credit cards issued by the Bank every year, the number of class members is believed to be in excess of 1,000 persons.

18.    Zevon's claims are typical of, if not identical to, all members of the class and Zevon does not have any interest that is adverse or antagonistic to the

interests of the class. If the conduct of the Bank violates TILA as applied to Zevon, then it violates TILA with respect to the Class.

19.    Zevon will fairly and adequately protect the interests of the Class as she is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

20.    The Class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Defendant's actions complained of herein are generally applicable to all Class members, thereby making final injunctive relief appropriate with respect to the class as a whole.

21.    The class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein. Because damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class to seek redress individually for the wrongs they have suffered. Members of the Class do not have a particular interest in individually controlling the prosecution of separate actions.

22.    There are questions of law and fact which are common to the members of the Class and which predominate over questions affecting only individual members. Common questions of law and fact include, but are not limited to, whether the Bank has a standardized procedure by which it fails to make a disclosure of a credit customer's minimum payment repayment estimate compliant with TILA and Regulation Z.

23.    Upon information and belief, the Class consists of thousands of customers.

24.    Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a) Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

b) The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

25.    Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the TILA violations committed by Defendant.

26.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within the Class are in Defendant's possession.

### COUNT I

*Violations of the Truth in Lending Act*

27.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

28.     Congress authorized the Federal Reserve Board ("FRB" or "Board") to promulgate regulations granting it broad authority to effectuate the purposes of TILA; that authority is now delegated to the Bureau of Consumer Financial Protection ("Bureau"). 15 U.S.C. § 1604(a)(2008); 15 U.S.C. § 1604(a).

29.     The set of regulations that the FRB promulgated to implement TILA is known as Regulation Z, 12 C.F.R. §226.1 *et seq.*;

30.     To reflect its assumption of TILA rulemaking authority as of July 21, 2011, the Bureau issued an interim final rule republishing Regulation Z with only minor changes that did not impose any new substantive obligations on creditors. 76 FR 79768 (Dec. 22, 2011); 12 C.F.R. §1026.1 *et seq.*

31.     For customers revolving a balance, TILA requires the creditor to furnish a minimum payment repayment estimate of time ("MPRET") that discloses approximately how much time, under the terms of the account, it would take to pay off the debt – assuming no additional credit is extended – if the customer were to

7

make only the minimum monthly payments required each month. 15 U.S.C. § 1637(b)(11)(B)(i).

32.     For customers revolving a balance, TILA further requires the creditor to furnish a minimum payment repayment total cost estimate ("MPTCE") that discloses approximately the total dollar cost of paying off the debt – assuming no additional credit is extended – if the customer were to make only the minimum monthly payments required each month. 15 U.S.C. § 1637(b)(11)(B)(ii).

33.     The creditor is required to furnish the MPRET and MPTCE disclosures with the periodic billing statement "in the form and manner which the Board shall prescribe, by regulation . . . in a conspicuous and prominent location on the billing statement." 15 U.S.C. § 1637(b)(11)(D).

34.     Accordingly, the Board generally mandated that creditors furnish customers with MPRET and MPTCE disclosures as described in Appendix M1 and in a format substantially similar to either Sample G-18(C)(1), G-18(C)(2) or G-18(C)(3), whichever may be applicable. 12 C.F.R. §226.7(b)(12), 12 C.F.R. Part 226 Supp. I, Appendixes G, M1.

35.     Similarly, the Bureau generally mandates that creditors furnish customers with MPRET and MPTCE disclosures as described in Appendix M1 and in a format substantially similar to either Sample G-18(C)(1), G-18(C)(2) or G-18(C)(3), whichever may be applicable. 12 C.F.R. §1026.7(b)(12), 12 C.F.R. Part 1026 Supp. I, Appendixes G, M1.

36.    Upon information and belief, Zevon's account terms provided for a minimum interest charge of $2.00 in any month that the average daily balance would have subjected her account to the imposition of an interest charge under $2.00. Exhibit A.

37.    The actual length of time it would take to pay Zevon's $304.22 outstanding balance making only minimum payments, as delineated in Appendix M1, would have been no less than 80 months, which rounds to seven years. 12 C.F.R. Part 1026, Supp. I, Appendix M1; Exhibit B, Minimum-Payment Amortization of Zevon Debt.

38.    As such, the MPRET disclosure Defendant furnished Zevon – "6 years" – did not accurately disclose an estimate of the full length of time it would have taken to pay the outstanding balance as delineated in Appendix M1, and thus violated Regulation Z and TILA. Exhibit A,

39.    Additionally, the actual total cost of paying Zevon's $304.22 outstanding balance making only minimum payments, as delineated in Appendix M1, would have been $477.59. 12 C.F.R. Part 1026, Supp. I, Appendix M1; Exhibit B, Minimum-Payment Amortization of Zevon Debt.

40.    As such, the MPTCE disclosure Defendant furnished Zevon – "$430" – did not accurately disclose an estimate of the total cost of paying the outstanding balance making only minimum payments, as delineated in Appendix M1, and thus violated Regulation Z and TILA. Exhibit A.

41.    Further, the full cost of paying Zevon's $304.22 outstanding balance in 3 years by making level monthly payments, as delineated in Appendix M1, would have been $395.37 making $10.00 level payments. 12 C.F.R. Part 1026, Supp I, Appendix M1; Exhibit C, Three-Year Amortization of Zevon Debt.

42.    As such, the cost disclosure Defendant furnished Zevon – "$375" – did not accurately disclose an estimate of the total cost of paying the outstanding balance making level $10 payments over three years, as delineated in Appendix M1, and thus violates Regulation Z and TILA. Exhibit A.

43.    Upon information and belief, the Bank produced the billing statement containing erroneous repayment cost and time estimates using a standard computer algorithm; thus, the inaccurate disclosures the Bank made to Zevon were also made to similarly situated members of the class.

44.    With respect to each of the Bank's violations of TILA for inaccurate disclosures, as alleged above, Plaintiff and the Class are entitled to recover up to $1,000,000 in statutory damages, together with costs and reasonable attorney fees. 15 U.S.C. § 1640(a)(2).

WHEREFORE, Plaintiff Marcy Zevon prays on her behalf and on behalf of the Class that judgment be entered against Defendant as follows:

(1)     An order certifying the proposed Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2)     A declaration that the Bank's systematic and standard policy of furnishing Macys-branded American Express card account billing statements that make inaccurate disclosures to customers with respect to minimum-payment repayment of the outstanding balance violates the Truth in Lending Act;

(3)     An injunction permanently prohibiting the Bank from engaging in the conduct described;

(4)     Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

(5)     Attorney fees, litigation expenses, and costs; and

(6)     Such other and further relief as to this Court may seem just and proper.

## *Jury Demand*

Plaintiff respectfully requests a trial by jury.

Dated:  New York, New York
        June 25, 2012

                          Respectfully Submitted,

By:     _____
                          Brian L. Bromberg
                          One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Avenue
New York, NY 10025
(212) 678-6546

# Exhibit A

#IIWeightFlag,N#IFeeder,1,3,

# Macy's American Express® Account statement

For the period ending Jun 22, 2011 · Days in billing cycle: 31
**Questions or lost/stolen card?** Call Customer Service 1-877-204-7996

Go to **macys.com/mymacyscard** to manage and pay your account online.

**MARCY ZEVON**
Account number: **XXXX XXXXXX X9360**
Page: 1 of 4

## Summary of American Express Account activity

| | |
|---|---|
| Previous Balance | $405.03 |
| Payments | -$105.03 |
| Other credits/adjustments | $0.00 |
| Purchases | $0.00 |
| Cash advances | $0.00 |
| Fees charged | $0.00 |
| Interest charged | +$4.22 |
| Ⓢ **Total New Balance** | **$304.22** |
| Past due amount | $0.00 |
| Credit limit | $2,000.00 |
| Credit available | $1,695.00 |

### Payment Information

| | |
|---|---|
| **Total New Balance** | **$304.22** |
| **Minimum Payment Due** | **$10.00** |
| **Payment Due Date** | **Jul 22, 2011** |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a Late Payment Fee of up to $10.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this Statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 6 years | $430 |
| $10 | 3 years | $375 (Savings = $55) |

If you are experiencing financial difficulty and would like information about credit counseling or debt management services, you may call 1-877-337-8187.

## Macy's American Express Account transaction details

| Transaction Date | Posting Date | Description | Location | Amount |
|---|---|---|---|---|
| Jun 7 | Jun 7 | Electronic Payment | | -$105.03 |

## star **REWARDS**

Please tear off and return the slip with your payment. Be sure to write your account number on the front of your check and make your check payable to Macy's. You can pay at any Macy's store, online at **macys.com/mymacyscard**, or by mail. **Payments received by 5:00 pm local time at the address shown on this Statement will be credited as of the date received.**

 ★**macys**   Payment Slip
The creditor is Department Stores National Bank.

☐ New address or phone number?
Go to **macys.com/mymacyscard** or use the reverse side.

10-51 79079 1/4

MARCY ZEVON
838 W END AVE APT 3C
NEW YORK, NY 10025-5365

Account number: XXXX XXXXXX X9360

| Payment Due Date | Total New Balance | Minimum Payment Due |
|---|---|---|
| **Jul 22, 2011** | **$304.22** | **$10.00** |

**Amount enclosed:**

$ [          ]



PO BOX 183084
COLUMBUS, OH 43218-3084

OXXXXXXXXXXX936070 0001000 0030422 0010503 2815

**MARCY ZEVON**

**1. How to Avoid Paying Interest on Purchases:** If you make Purchases during a billing period with no previous balance or where the sum of payments and credits is at least equal to the Previous Balance, no Interest Charges are added to your account for that billing period. If you pay the Total New Balance on that statement by the Payment Due Date, you can avoid Interest Charges for those Purchases during the next billing period. However, if you pay less than the full balance, you still avoid Interest Charges on that portion of the balance paid.

If you make a Purchase during a billing period with an unpaid previous balance, we will begin charging interest on the Purchase from the date it is added to the balance and continue to accrue interest until payment in full is credited to your account. You can avoid Interest Charges on new Purchases that appear on your current billing statement if you pay your Total New Balance by the Payment Due Date on your current statement.

**2. Paying Interest on Cash Advances:** We will begin charging interest on Cash Advances on the transaction date. We reserve the right to waive all or part of any Interest Charge in certain cases without losing our right to impose such Interest Charge in future billing periods.

**3. Balance Subject to Interest Rate for Purchases and Cash Advances:** The Interest Charge for either Purchases or Cash Advances is computed by applying the Daily Periodic Rate, multiplied by the number of days in the billing period, to the Balance Subject to Interest Rate for either Purchases or Cash Advances. The Daily Periodic Rates applicable to Purchases and Cash Advances for the billing period is 1/365th of the Annual Percentage Rate (regardless of leap years), rounded down to five decimal places.

The Balance Subject to Interest Rate for Purchases and Cash Advances is calculated separately. To get the Balance Subject to Interest Rate, we take the beginning balance of either Purchases or Cash Advances each day, add any new Purchases or Cash Advances, any Interest Charges applied to the previous day's balance, and new fees, and subtract any new payments and credits. This gives us the daily balance. Then, we add up all the daily balances for the billing period and divide the total by the number of days in the billing period. This gives us the Balance Subject to Interest Rate for either Purchases or Cash Advances.

**4. Minimum Interest Charge:** A Minimum **INTEREST CHARGE** of $2.00 is imposed in each billing period in which the **INTEREST CHARGE** resulting from application of the periodic rate would be less than $2.00.

**5. International Transaction Fee:** We will charge an International Transaction Fee for each transaction (including, but not limited to, a Purchase or Cash Advance) processed for your American Express Account by a merchant outside the United States and its territories, whether or not the transaction is in U.S. Dollars. This fee will be equal to 1% of the transaction amount in U.S. Dollars, and is paid to American Express as an international transaction charge.

**6. Payments and Late Fees:** You may at any time pay your total amount due or any part of it, but you must pay at least the "Minimum Payment Due" shown on this Statement. To avoid a late fee, you must pay the "Minimum Payment Due" by the "Payment Due Date." Payment of any disputed amount is not required pending our resolution of any billing inquiry. Returns and other credits are not applied toward your "Minimum Payment Due." If you make a payment at a location other than the address shown on this Statement for receipt of payment, crediting that payment to your Account may be delayed up to 5 days. Payments received by 5:00 p.m. local time at the address shown on this Statement will be credited as of the date received.

Sending an eligible check with this payment coupon authorizes us to complete the payment by electronic debit. If we do, the checking account will be debited in the amount of the check, as soon as the day we receive the check, and the check will be destroyed.

**7. Disputed Amounts:** All communications concerning disputed amounts, including any check or other payment instrument in

an amount less than the full amount due that you send to us marked "paid in full," or which you otherwise tender as full satisfaction of a disputed amount, must be sent to us at the address listed in Section 15 below.

**8. How Your Accounts Appear on a Credit Report:** We report each Account Type you request on your Account separately to the credit bureaus, which would cause you to have an entry on your credit report for each Account Type. These include charges you make at Macy's on a Revolving, Major Purchase or Club Account. If you also have a Macy's American Express Account or Visa® Account, it reports separately to the credit bureaus.

**9. Adverse Credit Reports: WE MAY REPORT INFORMATION ABOUT YOUR ACCOUNT TO CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR ACCOUNT MAY BE REFLECTED IN YOUR CREDIT REPORT.**

**10. Past Due Accounts:** If your Account is past due, we have included a message about that on this Statement. We are required by law to tell you that this is an attempt to collect a debt and any information obtained will be used for that purpose.

**11. Disputed Accuracy of Credit Report:** If you think we reported erroneous information to a credit reporting agency, write to: Credit Bureau Dispute Verification, P.O. Box 8222, Mason, OH 45040-8222. In doing so, please identify the inaccurate information and tell us why you believe it is incorrect. If you have a copy of the credit report that includes the inaccurate information, please send a copy of that report to us as well. We will promptly investigate the matter and notify you in writing of the results. If we agree with you, we will also contact each credit reporting agency to which we reported and request a correction.

**12. Telephone Monitoring:** We treat every customer call confidentially. To ensure that you receive accurate and courteous customer service, your call may be monitored by a second employee.

**13. Important Telephone Numbers:** For questions regarding this Statement or to report a lost or stolen credit card, call the telephone number on this Statement. For TDD/TTY (Telecommunications Device for the Deaf) assistance...call 1-800-281-0820.

**14. Bankruptcy Notices:** If you send any notice for bankruptcy purposes relating to this account, you must mail it to the following address: Bankruptcy Processing, P.O. Box 8053, Mason, OH 45040.

**15. What To Do If You Think You Find A Mistake On Your Statement:** If you think there is an error on your statement, write to us at: P.O. Box 8097, Mason, Ohio 45040. In your letter, give us the following information:
- Account information: Your name and account number.
- Dollar amount: The dollar amount of the suspected error.
- Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. While we investigate whether or not there has been an error, the following are true:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

American Express Account refers to all purchase activity outside of Macy's stores and macys.com on the Macy's American Express Card. This credit card program is issued and administered by Department Stores National Bank. American Express is a federally registered service mark of American Express and is used by Department Stores National Bank pursuant to a license.

AMEX-MCY ENG (07/10)
EC16/MAX01 (07/10)

**New Information?** *(Please be sure to check the box on the front if you fill in any boxes below.)*
If your mailing address, telephone or e-mail address is changing, please enter the new information below.
If you need to change your name due to a change in marital status, please indicate the new name below.

♻ RECYCLABLE

Name Change:

Telephone:

Address Change:

E-mail Address*:

City:                              State:      Zip:

*If you would like Macy's to send you e-mails regarding sales, events or other offers that may interest you.

## Fees

|  | | TOTAL FEES FOR THIS PERIOD | $0.00 |
|---|---|---|---|

## Interest Charged

| Jun 22 | Jun 22 | Interest charge on purchases | $4.22 |
| Jun 22 | Jun 22 | Interest charge on cash adv | $0.00 |
| | | **TOTAL INTEREST FOR THIS PERIOD** | **$4.22** |

| 2011 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2011 | $11.00 |
| Total interest charged in 2011 | $13.88 |

*Go to macys.com/mymacyscard to view previous transactions and statements.*

## Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the Annual Interest Rate on your Account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 14.15% (v) | $350.82 | $4.22 |
| Cash Advances | 14.15% (v) | $0.00 | $0.00 |

(v) – Variable Rate

## Macy's and Star Rewards News

Always be in the know! Check us out on facebook.com/Macys and twitter.com/MacysInc for inside tips on sales, promotions, and special events.

Save time and get the peace of mind that comes with knowing your monthly bills are paid on time. Contact your providers to have your monthly bills charged automatically to your Macy's American Express Card.

Don't miss Macy's 4th of July Fireworks, America's largest fireworks display. See it live on NBC - check your local listings for details.

**Hyatt Aruba FREE Night, FREE Upgrade!**
Book a 4-night stay at the Hyatt Regency Aruba Resort & Casino with your Macy's American Express Card and enjoy 4th night free, daily breakfast, free upgrade & $50 Macy's Gift Card. Limitations apply. **Call Summit Travel (800) 548-2522 or visit: www.macystravelrewards.com/aruba** for complete details.



IT'S NOT JUST FOR
# BIG THINGS.
Your Macy's American Express® Card is perfect for your weekly grocery run. Many supermarkets welcome the Macy's American Express Card.

SEE ALL YOUR CARD HAS TO OFFER AT MACYS.COM/MACYSAMEXBENEFITS



Here's a simple way to reduce paper waste and save fuel: switch from paper to electronic statements. When we work together, little changes make a big difference.

**Learn more at**
www.macys.com/gogreen

A special online offer just for Macy's American Express® Cardholders

National Membership
P R O G R A M S



RECEIVE A $10 COSTCO CASH CARD when you buy a Costco Membership Certificate online only before August 31, 2011, with your Macy's American Express Card. Limit 4 per cardholder. See website for details.

To purchase a Costco Membership Certificate today, visit **www.membershipmacys.com**

Account number: XXXX XXXXXX X9360

 

**MARCY ZEVON**

Page 4 of 4

# Exhibit B

# Minimum-Payment Amortization of Zevon Debt

| Month | Beginning Balance | Minimum Payment | Subtotal | Interest on Subtotal | Ending Balance | Month |
|---|---|---|---|---|---|---|
| 1 | 304.22 | 10.00 | 294.22 | 3.42 | 297.64 | 1 |
| 2 | 297.64 | 10.00 | 287.64 | 3.35 | 290.99 | 2 |
| 3 | 290.99 | 10.00 | 280.99 | 3.27 | 284.26 | 3 |
| 4 | 284.26 | 10.00 | 274.26 | 3.19 | 277.45 | 4 |
| 5 | 277.45 | 10.00 | 267.45 | 3.11 | 270.56 | 5 |
| 6 | 270.56 | 9.00 | 261.56 | 3.04 | 264.6 | 6 |
| 7 | 264.60 | 9.00 | 255.6 | 2.97 | 258.57 | 7 |
| 8 | 258.57 | 9.00 | 249.57 | 2.90 | 252.47 | 8 |
| 9 | 252.47 | 9.00 | 243.47 | 2.83 | 246.3 | 9 |
| 10 | 246.30 | 9.00 | 237.3 | 2.76 | 240.06 | 10 |
| 11 | 240.06 | 8.00 | 232.06 | 2.70 | 234.76 | 11 |
| 12 | 234.76 | 8.00 | 226.76 | 2.64 | 229.4 | 12 |
| 13 | 229.40 | 8.00 | 221.4 | 2.57 | 223.97 | 13 |
| 14 | 223.97 | 8.00 | 215.97 | 2.51 | 218.48 | 14 |
| 15 | 218.48 | 8.00 | 210.48 | 2.45 | 212.93 | 15 |
| 16 | 212.93 | 7.00 | 205.93 | 2.39 | 208.32 | 16 |
| 17 | 208.32 | 7.00 | 201.32 | 2.34 | 203.66 | 17 |
| 18 | 203.66 | 7.00 | 196.66 | 2.29 | 198.95 | 18 |
| 19 | 198.95 | 7.00 | 191.95 | 2.23 | 194.18 | 19 |
| 20 | 194.18 | 7.00 | 187.18 | 2.18 | 189.36 | 20 |
| 21 | 189.36 | 7.00 | 182.36 | 2.12 | 184.48 | 21 |
| 22 | 184.48 | 6.00 | 178.48 | 2.08 | 180.56 | 22 |
| 23 | 180.56 | 6.00 | 174.56 | 2.03 | 176.59 | 23 |
| 24 | 176.59 | 6.00 | 170.59 | 2.00 | 172.59 | 24 |
| 25 | 172.59 | 6.00 | 166.59 | 2.00 | 168.59 | 25 |
| 26 | 168.59 | 6.00 | 162.59 | 2.00 | 164.59 | 26 |
| 27 | 164.59 | 6.00 | 158.59 | 2.00 | 160.59 | 27 |
| 28 | 160.59 | 6.00 | 154.59 | 2.00 | 156.59 | 28 |
| 29 | 156.59 | 6.00 | 150.59 | 2.00 | 152.59 | 29 |
| 30 | 152.59 | 5.00 | 147.59 | 2.00 | 149.59 | 30 |
| 31 | 149.59 | 5.00 | 144.59 | 2.00 | 146.59 | 31 |
| 32 | 146.59 | 5.00 | 141.59 | 2.00 | 143.59 | 32 |
| 33 | 143.59 | 5.00 | 138.59 | 2.00 | 140.59 | 33 |
| 34 | 140.59 | 5.00 | 135.59 | 2.00 | 137.59 | 34 |
| 35 | 137.59 | 5.00 | 132.59 | 2.00 | 134.59 | 35 |
| 36 | 134.59 | 5.00 | 129.59 | 2.00 | 131.59 | 36 |
| 37 | 131.59 | 5.00 | 126.59 | 2.00 | 128.59 | 37 |
| 38 | 128.59 | 5.00 | 123.59 | 2.00 | 125.59 | 38 |
| 39 | 125.59 | 5.00 | 120.59 | 2.00 | 122.59 | 39 |
| 40 | 122.59 | 5.00 | 117.59 | 2.00 | 119.59 | 40 |
| 41 | 119.59 | 5.00 | 114.59 | 2.00 | 116.59 | 41 |

Based on 1.163% interest (14.15% APR, 30-day months) calculated monthly on ending balances, with a $2.00 minimum interest charge. Minimum payment = greater of (i) 3.25% of beg'g balance, rounded up or (ii) $5.00.

## Minimum-Payment Amortization of Zevon Debt

| Month | Beginning Balance | Minimum Payment | Subtotal | Interest on Subtotal | Ending Balance | Month |
|---|---|---|---|---|---|---|
| 42 | 116.59 | 5.00 | 111.59 | 2.00 | 113.59 | 42 |
| 43 | 113.59 | 5.00 | 108.59 | 2.00 | 110.59 | 43 |
| 44 | 110.59 | 5.00 | 105.59 | 2.00 | 107.59 | 44 |
| 45 | 107.59 | 5.00 | 102.59 | 2.00 | 104.59 | 45 |
| 46 | 104.59 | 5.00 | 99.59 | 2.00 | 101.59 | 46 |
| 47 | 101.59 | 5.00 | 96.59 | 2.00 | 98.59 | 47 |
| 48 | 98.59 | 5.00 | 93.59 | 2.00 | 95.59 | 48 |
| 49 | 95.59 | 5.00 | 90.59 | 2.00 | 92.59 | 49 |
| 50 | 92.59 | 5.00 | 87.59 | 2.00 | 89.59 | 50 |
| 51 | 89.59 | 5.00 | 84.59 | 2.00 | 86.59 | 51 |
| 52 | 86.59 | 5.00 | 81.59 | 2.00 | 83.59 | 52 |
| 53 | 83.59 | 5.00 | 78.59 | 2.00 | 80.59 | 53 |
| 54 | 80.59 | 5.00 | 75.59 | 2.00 | 77.59 | 54 |
| 55 | 77.59 | 5.00 | 72.59 | 2.00 | 74.59 | 55 |
| 56 | 74.59 | 5.00 | 69.59 | 2.00 | 71.59 | 56 |
| 57 | 71.59 | 5.00 | 66.59 | 2.00 | 68.59 | 57 |
| 58 | 68.59 | 5.00 | 63.59 | 2.00 | 65.59 | 58 |
| 59 | 65.59 | 5.00 | 60.59 | 2.00 | 62.59 | 59 |
| 60 | 62.59 | 5.00 | 57.59 | 2.00 | 59.59 | 60 |
| 61 | 59.59 | 5.00 | 54.59 | 2.00 | 56.59 | 61 |
| 62 | 56.59 | 5.00 | 51.59 | 2.00 | 53.59 | 62 |
| 63 | 53.59 | 5.00 | 48.59 | 2.00 | 50.59 | 63 |
| 64 | 50.59 | 5.00 | 45.59 | 2.00 | 47.59 | 64 |
| 65 | 47.59 | 5.00 | 42.59 | 2.00 | 44.59 | 65 |
| 66 | 44.59 | 5.00 | 39.59 | 2.00 | 41.59 | 66 |
| 67 | 41.59 | 5.00 | 36.59 | 2.00 | 38.59 | 67 |
| 68 | 38.59 | 5.00 | 33.59 | 2.00 | 35.59 | 68 |
| 69 | 35.59 | 5.00 | 30.59 | 2.00 | 32.59 | 69 |
| 70 | 32.59 | 5.00 | 27.59 | 2.00 | 29.59 | 70 |
| 71 | 29.59 | 5.00 | 24.59 | 2.00 | 26.59 | 71 |
| 72 | 26.59 | 5.00 | 21.59 | 2.00 | 23.59 | 72 |
| 73 | 23.59 | 5.00 | 18.59 | 2.00 | 20.59 | 73 |
| 74 | 20.59 | 5.00 | 15.59 | 2.00 | 17.59 | 74 |
| 75 | 17.59 | 5.00 | 12.59 | 2.00 | 14.59 | 75 |
| 76 | 14.59 | 5.00 | 9.59 | 2.00 | 11.59 | 76 |
| 77 | 11.59 | 5.00 | 6.59 | 2.00 | 8.59 | 77 |
| 78 | 8.59 | 5.00 | 3.59 | 2.00 | 5.59 | 78 |
| 79 | 5.59 | 5.00 | 0.59 | 2.00 | 2.59 | 79 |
| 80 | 2.59 | *2.59* | 0 | *0* | 0 | 80 |

**Total Cost:**          $ 477.59                    **Total Years:**          *7*

Based on 1.163% interest (14.15% APR, 30-day months) calculated monthly on ending balances, with a $2.00 minimum interest charge. Minimum payment = greater of (i) 3.25% of beg'g balance, rounded up or (ii) $5.00.

# Exhibit C

## Three-Year Amortization of Zevon Debt

| Month | Beginning Balance | Minimum Payment | Subtotal | Interest on Subtotal | Ending Balance | Month |
|---|---|---|---|---|---|---|
| 1 | 304.22 | 10.00 | 294.22 | 3.42 | 297.64 | 1 |
| 2 | 297.64 | 10.00 | 287.64 | 3.35 | 290.99 | 2 |
| 3 | 290.99 | 10.00 | 280.99 | 3.27 | 284.26 | 3 |
| 4 | 284.26 | 10.00 | 274.26 | 3.19 | 277.45 | 4 |
| 5 | 277.45 | 10.00 | 267.45 | 3.11 | 270.56 | 5 |
| 6 | 270.56 | 10.00 | 260.56 | 3.03 | 263.59 | 6 |
| 7 | 263.59 | 10.00 | 253.59 | 2.95 | 256.54 | 7 |
| 8 | 256.54 | 10.00 | 246.54 | 2.87 | 249.41 | 8 |
| 9 | 249.41 | 10.00 | 239.41 | 2.78 | 242.19 | 9 |
| 10 | 242.19 | 10.00 | 232.19 | 2.70 | 234.89 | 10 |
| 11 | 234.89 | 10.00 | 224.89 | 2.62 | 227.51 | 11 |
| 12 | 227.51 | 10.00 | 217.51 | 2.53 | 220.04 | 12 |
| 13 | 220.04 | 10.00 | 210.04 | 2.44 | 212.48 | 13 |
| 14 | 212.48 | 10.00 | 202.48 | 2.35 | 204.83 | 14 |
| 15 | 204.83 | 10.00 | 194.83 | 2.27 | 197.1 | 15 |
| 16 | 197.10 | 10.00 | 187.1 | 2.18 | 189.28 | 16 |
| 17 | 189.28 | 10.00 | 179.28 | 2.09 | 181.37 | 17 |
| 18 | 181.37 | 10.00 | 171.37 | 2.00 | 173.37 | 18 |
| 19 | 173.37 | 10.00 | 163.37 | 2.00 | 165.37 | 19 |
| 20 | 165.37 | 10.00 | 155.37 | 2.00 | 157.37 | 20 |
| 21 | 157.37 | 10.00 | 147.37 | 2.00 | 149.37 | 21 |
| 22 | 149.37 | 10.00 | 139.37 | 2.00 | 141.37 | 22 |
| 23 | 141.37 | 10.00 | 131.37 | 2.00 | 133.37 | 23 |
| 24 | 133.37 | 10.00 | 123.37 | 2.00 | 125.37 | 24 |
| 25 | 125.37 | 10.00 | 115.37 | 2.00 | 117.37 | 25 |
| 26 | 117.37 | 10.00 | 107.37 | 2.00 | 109.37 | 26 |
| 27 | 109.37 | 10.00 | 99.37 | 2.00 | 101.37 | 27 |
| 28 | 101.37 | 10.00 | 91.37 | 2.00 | 93.37 | 28 |
| 29 | 93.37 | 10.00 | 83.37 | 2.00 | 85.37 | 29 |
| 30 | 85.37 | 10.00 | 75.37 | 2.00 | 77.37 | 30 |
| 31 | 77.37 | 10.00 | 67.37 | 2.00 | 69.37 | 31 |
| 32 | 69.37 | 10.00 | 59.37 | 2.00 | 61.37 | 32 |
| 33 | 61.37 | 10.00 | 51.37 | 2.00 | 53.37 | 33 |
| 34 | 53.37 | 10.00 | 43.37 | 2.00 | 45.37 | 34 |
| 35 | 45.37 | 10.00 | 35.37 | 2.00 | 37.37 | 35 |
| 36 | 37.37 | 10.00 | 27.37 | 2.00 | 29.37 | 36 |
| 37 | 29.37 | 10.00 | 19.37 | 2.00 | 21.37 | 37 |
| 38 | 21.37 | 10.00 | 11.37 | 2.00 | 13.37 | 38 |
| 39 | 13.37 | 10.00 | 3.37 | 2.00 | 5.37 | 39 |
| 40 | 5.37 | *5.37* | *0* | *0* | 0 | 40 |

**Total Cost:**       $ 395.37       $       91.15   **Total Years:**       *3*

Based on 1.163% interest (14.15% APR, 30-day months) calculated monthly on ending balances, with a $10.00 monthly payment and a $2.00 minimum interest charge.